```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                    CASE NO. 8:14-cr-80-T-33EAJ

JOVANNA DESHAWN FORTE

### FORFEITURE MONEY JUDGMENT

The United States moves, pursuant to 18 U.S.C. § 982(a)(2)(A) and Federal Rule of Criminal Procedure 32.2(b)(2), for a forfeiture money judgment in the amount of $385,458.43 against Defendant Jovanna Deshawn Forte, representing the amount of proceeds she obtained as a result of the bank fraud conspiracy charged in Count One of the Indictment, in violation of 18 U.S.C. § 1349.

Forte pleaded guilty to Count One, and the Court finds that as a result of the bank fraud conspiracy, Forte obtained proceeds in the amount of $385,458.43. Thus, the United States is entitled to a forfeiture money judgment in this amount pursuant to 18 U.S.C. § 982(a)(2)(A) and Rule 32.2(b)(2), Federal Rules of Criminal Procedure.

The Court further finds that the United States is entitled, under 21 U.S.C. § 853(p), incorporated by 18 U.S.C. § 982(b)(1), to forfeit any property belonging to Forte as a substitute asset in satisfaction of her money judgment.

Accordingly, it is hereby

**ORDERED** that the United States' motion is GRANTED.

It is further **ORDERED** that, pursuant to 18 U.S.C. § 982(a)(2), and Federal Rule of Criminal Procedure 32.2(b)(2), Defendant Jovanna Deshawn Forte is jointly and severally liable to the United States of America, along with co-Defendant William Boyd Burns, for a forfeiture money judgment in the amount of $385,458.43, representing the amount of proceeds she obtained as a result of the bank fraud conspiracy.

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4) and Forte's Plea Agreement (Doc. # 25 at 9), the order of forfeiture will be final as to Forte upon entry.

The Court retains jurisdiction to enter any further order necessary for the forfeiture and disposition of any property belonging to Forte that the United States may seek as substitute assets up to and including the value of the money judgment, and to address any third party claim that may be asserted in these proceedings.

**DONE** and **ORDERED** in Chambers in Tampa, Florida this 11th day of August, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel and Parties of Record